UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONALD WALTER STANLEY,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 25-11152
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION [18], OVERRULING PLAINTIFF'S OBJECTIONS [19], GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT [16], DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [10], AND AFFIRMING THE DECISION OF THE COMMISSIONER**

Donald Walter Stanley is a former semi-truck driver who was badly injured in a November 2021 automobile accident. Stanley applied for disability insurance benefits from the Social Security Administration in 2023, but his application was denied. He appealed that decision to an administrative law judge, who affirmed that denial. The Appeals Council denied review of that decision, making the ALJ's decision final for present purposes.

Stanley then filed this lawsuit challenging the Commissioner of Social Security's determination that he is not disabled. (ECF No. 1.) Chief Magistrate Judge David R. Grand, to whom all pretrial matters were referred (ECF No. 8), recommends affirming the Commissioner's decision. (ECF No. 18.) Stanley objects. (ECF No. 19.) For the reasons that follow, the Court overrules Stanley's objections and accepts

Judge Grand's recommendation. Accordingly, the Commissioner's motion for summary judgment is granted and Staley's motion for summary judgment is denied.

**I.**

Donald Walter Stanley worked as a truck driver for over 15 years. (*See, e.g.*, ECF No. 5-1, PageID.266.) But on November 11, 2021, he got in an accident. His left arm was badly broken, and his left leg was amputated below the knee. (*See, e.g.*, ECF No. 5-1, PageID.43 (ALJ decision describing Stanley's injuries).) No longer able to drive, in March 2022, at the age of 42, he petitioned for Social Security disability benefits. (*See* ECF No. 5, PageID.97, 246.)

Stanley's application was denied at the initial level just short of a year later. (ECF No. 5-1, PageID.97–114.) In August 2023, he was denied reconsideration. (*Id.* at PageID.141–143.) Stanley then appealed to the ALJ, who, after a hearing (*Id.* at PageID.57–95), upheld the initial decision. (*Id.* at PageID.57.) Relying primarily on the testimony of a vocational expert, the ALJ found that notwithstanding his impairments, Stanley "is capable of making a successful adjustment to other work that exists in significant numbers in the national economy" and thus denied his claim at "step 5" of the disability determination analysis. (*Id.* at PageID.49); *see also Scheuneman v. Comm'r of Soc. Sec.*, No. 11-10593, 2011 WL 6937331, at *7 (E.D. Mich. Dec. 6, 2011) (citing 20 C.F.R. § 404.1520) (detailing the five-step sequential analysis for disability determinations).) Stanley then sought review of the ALJ's decision by the Appeals Council, which was denied, because the Council found "no

reason . . . to review the Administrative Law Judge's decision." (ECF No. 5-1 PageID.23.)

That brought the case to this Court in April 2025. (ECF No. 1.) After cross motions for summary judgment (ECF Nos. 10, 16), Chief Magistrate Judge David R. Grand recommends upholding the Social Security Administration's denial of benefits. Stanley filed objections (ECF No. 19), to which the Commissioner did not respond.

**II.**

When a party objects to a magistrate judge's report and recommendation, a district judge reviews the issues raised by the objections de novo; there is no obligation to review un-objected to issues. *See* Fed. R. Civ. P. 72(b); *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs., LLC*, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

In conducting de novo review in this case, the Court must affirm a finding by the ALJ if it is both supported by substantial evidence and complies with the procedural rules governing disability determinations. *See Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011); *see also* 42 U.S.C. § 405(g). "Substantial evidence" is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Alexander R. v. Commissioner of Soc. Sec.*, No. 24-12318, 2025 WL 2398636, at *1 (E.D. Mich. July 31, 2025), *report and recommendation adopted*, No. 24-12318, 2025 WL 2394872, at *1 (E.D. Mich. Aug. 18, 2025).

## III.

Stanley raises four overlapping objections that rely on essentially the same premise: that the vocational expert's (VE) testimony was unreliable and the ALJ erred in crediting it. More specifically, Stanley argues that the alternative jobs the VE claimed Stanley could perform—visual inspector, telephone order clerk, and final assembler— are obsolete and no longer exist in significant numbers in the economy. (ECF No. 10, PageID.3018.) Judge Grand considered these arguments at length, and the Court concurs with his analysis. (ECF No. 18, PageID.3076–3084.) Stanley's objections to that analysis fail to persuade.

### A.

First, Stanley challenges Judge Grand's conclusion that some of the evidence he presented for the first time in this Court—job data from SkillTRAN Job Browser Pro—is not within the proper scope of the appellate record. (ECF No. 19, PageID.3087.) *See also Bass v. McMahon*, 499 F.3d 506, 512–13 (6th Cir. 2007) ("Only evidence in the record below can be considered when determining whether or not the ALJ's opinion was supported by substantial evidence."). Stanley says he offered the SkillTRAN data not to provide new evidence (which he concedes would be beyond the Court's reach), but to support his *legal* argument that the VE's testimony was contradicted and unreliable. (ECF No. 19, PageID.3086–3087.)

But other courts in this Circuit have rejected that very argument. *See, e.g.*, *Schulte v. Comm'r of Soc. Sec.*, No. 24-01274, 2025 U.S. Dist. LEXIS 45120, at *15–16 (N.D. Ohio Mar. 12, 2025) (collecting cases). Although Stanley frames his

argument in legal terms, it is, in fact, an evidentiary one. He says the VE's testimony was unreliable because the SkillTRAN data contradicted it. (ECF No. 19, PageID.3087–3088.) That data could have, and should have, been presented at the administrative hearing by Stanley's counsel. It was not. *See Schulte*, 2025 U.S. Dist. LEXIS 45120 at *26 ("[Plaintiff's] attorney was given the opportunity to cross examine the vocational expert at [the ALJ] hearing. . . . [she] declined to cross examine the vocational expert and failed to present the SkillTRAN job estimate . . . Therefore, the vocational expert's testimony remained unchallenged, and the ALJ was left with no reason to question the accuracy of that testimony.").) Thus, Judge Grand properly disregarded the SkillTRAN data.

**B.**

Second, Stanley likewise argues he may present new arguments to this Court that were not raised before the ALJ, citing *Sims v. Apfel*, 530 U.S. 103, 112 (2000). (ECF No. 19, PageID.3088.) This is a correct statement of law, but it has no bearing on the present case. Stanley seeks to introduce new *evidence,* not new arguments, and the former is not permitted, even under *Sims*. *See, e.g.*, *Bryant v. Comm'r of Soc. Sec.*, No. 13-584, 2014 U.S. Dist. LEXIS 83623, at *19 (S.D. Ohio June 18, 2014) ("Although new evidence that was not presented to the ALJ may not be reviewed by this Court . . . the same is not always true of legal arguments presented to the Appeals Council that do not rely upon new evidence.") (citing *Sims*, 520 U.S. at 120), *report and recommendation adopted*, 2014 U.S. Dist. LEXIS 100298 (S.D. Ohio July 23, 2014).

Accordingly, Judge Grand's decision that *Sims* "does not alter" the decision to exclude the SkillTRAN data from the record on appeal, is correct. (ECF No. 18, PageID.3077–3078.)

**C.**

Third, Stanley objects to Judge Grand's refusal to find the DOT data regarding "visual inspector" or "table worker" jobs obsolete. (ECF No. 19, PageID.3090.)

Under governing regulations, the DOT data is a source of "reliable job information." 20 C.F.R. § 404.1566(d)(1). Accordingly, a VE may properly rely on DOT data to establish that a job exists in significant numbers in the national economy. *O'Neal v. Comm'r of Soc. Sec.*, 799 F. App'x 313, 317 (6th Cir. 2020). And the ALJ may properly rely on VE testimony that is consistent with the DOT data. *Id.* ("[a]ll that is required before an ALJ can rely on vocational evidence provided by a vocational expert is that the ALJ either ensure that the evidence does not conflict with the information in the DOT or obtain a reasonable explanation for any conflict.")

Stanley points to a few websites that he says conflict with the VE's testimony and show that the visual inspector/table worker job is obsolete. (ECF No. 18, PageID.3078.) But these websites are not properly in the record before the Court, and in any event are not "reliable" sources of job information, like the DOT data. *See, e.g.*, *O'Neal*, 799 F. App'x at 317 (noting that DOT data is considered a reliable source under DOT regulations while another website, O*NET, is not).

Even if the Court *could* consider these websites, it would not change the result. Where the VE's testimony is consistent with the DOT data, and cross examination of

the VE failed to otherwise establish that the data was obsolete, the ALJ has "no duty 'to conduct an independent investigation' into the vocational expert's testimony to determine whether it was correct." *O'Neal*, 799 F. App'x at 318 (quoting *Martin v. Comm'r of Soc. Sec.*, 170 F. App'x 369, 374 (6th Cir. 2006)); *Gallo v. Comm'r of Soc. Sec. Admin.*, 449 F. App'x 648, 650 (9th Cir. 2011) ("[Vocational expert] testimony may become unreliable on account of a conflict with the DOT, but not on account of its compliance with the DOT." (citation omitted)); *M.M. v. Comm'r of Soc. Sec.*, No 25-00476, 2026 U.S. Dist. LEXIS 168729, at *8 (W.D. Mich. July 29, 2026) (rejecting argument that VE testimony was unreliable because it relied on obsolete jobs where the testimony was consistent with the DOT data).

Because the VE testified that her opinion was "consistent with and based on the [DOT] and its companion publications" (ECF No. 5, PageID.90), the ALJ did not err in relying on it, and Judge Grand properly found that the VE's testimony was supported by substantial evidence—the DOT data. (ECF No. 18, PageID.3079–3080.)

**D.**

Finally, Stanley objects to Judge Grand's ultimate finding "that remand is not required because the jobs of telephone clerk and final assembler are sufficient to carry the Commissioner's burden of proof." (ECF No. 19, PageID.3091.) In particular, he contends that the SkillTRAN data he has provided sufficiently undermines the reliability of the VE's testimony and thus necessitates remand. (*Id.*)

But as Judge Grand noted, even if the SkillTRAN data were credited, the experienced VE's testimony was itself sufficient to constitute substantial evidence

upon which the ALJ could rely. (ECF No. 18, PageID.3082.) *See Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 562 (6th Cir. 2022) (finding that a "well-credentialed" VE's "uncontradicted testimony easily qualifies as 'the kind of evidence—far more than a mere scintilla—that a reasonable mind might accept as adequate to support a finding about job availability.'") (quoting *Biestek v. Berryhill*, 587 U.S. 97, 105 (2019)).

**IV.**

Because the Commissioner's decision to deny Stanley's application for disability insurance benefits is supported by substantial evidence, Stanley's objections (ECF No. 19) are OVERRULED. As a result, Stanley's motion for summary judgment (ECF No. 10) is DENIED, the Commissioner's motion for summary judgment (ECF No. 16) is GRANTED, Chief Magistrate Judge David R. Grand's report and recommendation (ECF No. 18) is ADOPTED, and the ALJ's decision is AFFIRMED under sentence four of 42 U.S.C. § 405(g).

SO ORDERED.

Dated: August 20, 2026

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE